IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT FORTNEY,
        Plaintiff,
  v.

HERSCHEL MULLINS, Magistrate,
        Defendant.                              Civil Action No. 1:10cv129


ROBERT FORTNEY,
        Plaintiff,
  v.

WESTOVER POLICE DEPARTMENT,
CITY OF WESTOVER, and MATTHEW D.
STARSICK,
        Defendants.                              Civil Action No. 1:10cv130

ROBERT FORTNEY
        Plaintiff,

  v.

PATROLMAN BRADLEY WRIGHT, GRANVILLE
POLICE DEPT, and CITY OF GRANVILLE,       Civil Action No. 1:10cv131
        Defendants.


**REPORT AND RECOMMENDATION/OPINION THAT
DEFENDANT MULLINS' MOTION TO DISMISS BE GRANTED**

      This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Hershel Mullins' "Motion to Dismiss" [Docket Entry 30].[1] The matter has been referred to the undersigned pursuant to a referral order entered by United States District Judge Irene M. Keeley on December 6, 2010 [Docket Entry 5]. The undersigned finds the sole issues are legal questions and

---

[1] These three cases, all filed by pro se Plaintiff, Robert Fortney, have been consolidated by Court Order, with 1:10cv131 as the lead case, in which all filings are to be made. A Motion to Dismiss has also been filed on behalf of defendants Wright, Granville Police Dept. and City of Granville, which shall be addressed by separate Report and Recommendation.

therefore decides the motions without a hearing.

## Procedural History

Plaintiff, *pro se*, Robert Fortney (hereinafter"Plaintiff") filed his Complaint against Hershel Mullins (hereinafter "Defendant") in this Court on August 24, 2010 [Docket Entry 1], along with a Motion for Leave to Proceed *in Forma Pauperis* [Docket Entry 2], which was granted [Docket Entry 10]. Summons on Defendant Mullins was executed on January 4, 2011 [Docket Entry 22], and the instant Motion to Dismiss was filed on January 11, 2011 [Docket Entry 30]. On January 14, 2011, the Court entered and served a "Roseboro Notice" (See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)), advising Plaintiff of his right to file affidavits or other responsive material [Docket Entry 26]. Plaintiff did not file any Response to the Motion to Dismiss.

## Allegations in the Complaint

Plaintiff filed his Complaint pursuant to 42 USC 1983, alleging violations of his Constitutional Rights, and seeking compensatory damages and punitive damages. Defendant Mullins is a magistrate for Monongalia County, West Virginia. Because this Report and Recommendation pertains only to Defendant Mullins, the undersigned United States Magistrate Judge refers only to the allegations in the Complaint that names Mullins as a Defendant (Civil Action No. 1:10cv129).

Plaintiff's Complaint against Defendant Mullins is as follows (in toto):

On August 29, 2008, Magistrate Herschel [sic] Mullins issued a warrant for the arrest of Robert Fortney after a complaint was filed by Officer Mathew D. Starsick. Within this complaint it stated the fact that Mr. Fortney had already been arrested on August 24, 2008. It also stated that Mr. Fortney had been possessed at the county jail. Facts which Magistrate Mullins failed to question at best or just disregarded. I would hope that Magistrate Mullins just failed to read the complaint and took Officer Starsick at his word. Even if this were the fact it would not remove the liability to Mr Fortney

2

for the damages he incurred by magistrate Mullins acting outside his jurisdiction. Magistrate Mullins should have read the complaint and should have questioned the facts before the issuance of a warrant. This case was still in the jurisdiction of Magistrate Summers court and the case was not assigned to Magistrate Mullins.. Magistrate Summers dismissed all of these charges for no probable cause. While the prosecution may re file the charges in the state of West Virginia the jurisdiction remains with Magistrate Summers. Magistrate Mullins has jurisdiction over criminal matters he does not have jurisdiction over Magistrate Summers. By acting outside his jurisdiction magistrate Mullins revoked the immunity the Courts have granted him. Mr. Fortney has made attempts to settle this matter out of court and has received no reply. I now ask the court for to [sic] award Mr. Fortney $100,000 monetary and punitive damages Magistrate Mullins' conduct has forced Mr. Fortney to incur.

### **Discussion**

Defendant Mullins moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. He argues that Plaintiff's claims for monetary damages are barred by the doctrine of absolute judicial immunity and any official capacity claim (there does not appear to be a claim against Defendant in his official capacity, but because Plaintiff is proceeding *pro se,* the Court interprets his pleadings liberally) fails because of Eleventh Amendment immunity.

### **Judicial Immunity**

A party may move to dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In assessing such a motion, the Court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Services, Inc. v. Radfore Community Hospital, 910 F.2d 139 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief." In re Mills, 287 Fed. Appx. 273 (4th Cir. 2008). "Specific facts are not necessary, the statement need only give the defendant fair

3

notice of what the . . . claim is and the grounds upon which it rests." Id. (internal citations omitted.)

> [T]he pleading standard Rule 9 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully - harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements.

Ashcroft v. Iqbal, - - - U.S. - - -, 129 S.Ct.1937, 173 L.Ed.2d 868 (May 18, 2009)(internal citations omitted.)

As this case involves a *pro se* plaintiff, however, this Court will only dismiss if it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 92 S.Ct.594, 30 L.Ed.2d 652 (1972).

The doctrine of judicial immunity has been recognized by the United States Supreme Court since at least 1872. See Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed.646 (1872), which holds:

> For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, be free to act upon his own convictions, without apprehension of personal consequences to himself.

Further,

> [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Id. at 351. In Pressly v. Gregory, et al., 831 F.2d 514 (4th Cir. 1987), the Fourth Circuit specifically addressed a civil action pursuant to section 1983 against a state magistrate, finding:

> As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity. Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975). That immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed. 2d 331

(1978).

In other words, a magistrate has absolute immunity for acts performed in his or her judicial capacity. A magistrate is not immune from liability for his or her non-judicial acts or from actions, even though judicial in nature, that were taken in complete absence of all jurisdiction. Id. at 360, 356-357.

To determine whether an act is judicial, a court should examine the nature of the act itself. Id. at 362. Specifically, the court should determine whether the act complained of is a function normally performed by a judge. Id. Moreover, the court should consider the expectations of the parties, i.e., whether the parties dealt with the judge in his or her official capacity.

On a Motion to Dismiss a court may consider "the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice" without converting the motion into a motion for summary judgment. Pennington v. Teufel, 396 F.Supp.2d 715 (N.D.W.Va. 2005). Defendant Mullins attached to his Motion the following court records:

- Criminal Complaint, case number 08M-2628, signed by Defendant on August 29, 2008.
- Criminal Complaint, case number 08M-2568, signed by Defendant on August 29, 2008.
- Criminal Complaint, case number 08M-2569, signed by Defendant on August 29, 2008.
- Criminal Complaint (no case number) signed by Magistrate Summers on August 24, 2008.
- Criminal Complaint (no case number) signed by Magistrate Summers on August 24, 2008.
- Criminal Complaint (no case number) signed by Magistrate Summers on August 24, 2008.
- Criminal Case History sheet for Case Number 08M-2568.
- Criminal Case History sheet for Case Number 08M-2569.
- Criminal Case History sheet for Case Number 08M-2628.

The undersigned finds each of the above are court records – "matters of public record, and

5

other similar material that are subject to judicial notice," and therefore may be considered without converting this motion to a motion for summary judgment.

The Court also takes judicial notice of West Virginia Code sections 50-2-3, which states, in pertinent part:

> In addition to jurisdiction granted elsewhere to magistrate courts . . . . A magistrate shall have the authority to issue arrest warrants in all criminal matters, to issue warrants for search and seizure and, except in cases involving capital offenses, to set and admit to bail . . . .

Clearly, the finding of probable cause and issuing an arrest warrant are therefore functions normally performed by a judge. Id. Moreover, Defendant Mullins was clearly acting in his official capacity as a state magistrate in reviewing the Criminal Complaint and determining if probable cause supported it. Defendant Mullins is therefore entitled to absolute immunity for his acts in finding probable cause on the three Criminal Complaints against Plaintiff. Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975). This would be so even if the magistrate erred by signing the Complaint without fully investigating the facts or questioning the affiant regarding Magistrate Summers' actions. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." Stump, supra, at 359. In fact a judge is still protected from suit, "even if his exercise of authority is flawed by the commission of grave procedural errors." Id.

The only manner in which Defendant Mullins' immunity could be vitiated, therefore, is if he had acted in the clear absence of all jurisdiction. Stump, supra at 355-356. Plaintiff alleges that Defendant Mullins acted outside his jurisdiction because: 1)Defendant Mullins failed to question or just disregarded the fact that Plaintiff had already been arrested on August 24, 2008, and had been possessed at the county jail; 2) The case was still in the jurisdiction of Magistrate Summers and not

6

assigned to Magistrate Mullins; 3) Magistrate Summers dismissed all the charges for no probable cause; 4) Even though the prosecution may re file the charges, the jurisdiction remains with Magistrate Summers; and 5) Even though Magistrate Mullins has jurisdiction over criminal matters he does not have jurisdiction over Magistrate Summers.

From the Complaint itself, the undersigned United States Magistrate Judge finds Plaintiff has not even alleged actions by Defendant which were in "the clear absence of all jurisdiction." The undersigned notes again, that section 50-2-3 provides a magistrate "the authority to issue arrest warrants in all criminal matters." Rule 3 of the West Virginia Rules of Criminal Procedure states:

> The complaint is a written statement of the essential facts constituting the offense charged. The complaint shall be presented to and sworn or affirmed before a magistrate in the county where the offense is alleged to have occurred. Unless otherwise provided by statute, the presentation and oath or affirmation shall be made by a prosecuting attorney or a law enforcement officer showing reason to have reliable information and belief. If from the facts stated in the complaint the magistrate finds probable cause, the complaint becomes the charging instrument initiating a criminal proceeding.

Rule 4(a) of the West Virginia Rules of Criminal Procedure provides:

> If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it . . . . More than one warrant . . . may issue on the same complaint.

Even though a "grave procedural error" would still not vitiate Defendant Mullins' immunity, the undersigned finds the case was not, as Plaintiff states: "still in the jurisdiction of Magistrate Summers." Plaintiff argues the case was still in the jurisdiction of Magistrate Summers court and the case was not assigned to Magistrate Mullins. He concedes that the prosecution may re-file the charges in the state of West Virginia, but argues the jurisdiction remained with Magistrate Summers.

Finally, "Magistrate Mullins has jurisdiction over criminal matters he does not have jurisdiction over Magistrate Summers." [sic]. Plaintiff's argument is simply incorrect in this regard. Rule 2 of the Administrative Rules for the Magistrate Courts of West Virginia provides, in pertinent part: "All cases shall be centrally assigned by the magistrate clerk <u>regardless of the magistrate before whom the civil or criminal complaint is filed</u>." (Emphasis added). In other words, cases are not assigned to a particular magistrate until sometime after the criminal complaint is filed and the claim given a case number. Here the claims against Plaintiff were not given case numbers until after Defendant Mullins found probable cause. In fact, the Criminal Case History sheet shows the "Issuing magistrate" as Mullins and the "Assigned magistrate" and "Trial magistrate" as Summers. The case was therefore not under Magistrate Summers' jurisdiction at the time Defendant Mullins signed the Criminal Complaints, although the cases were ultimately assigned to him.

Nor does the fact that Magistrate Summers dismissed the first Complaint strip Defendant Mullins of his judicial immunity. As was stated by Chief Justice Albright in his dissent in <u>Carroll v. Stump</u>, 217 W.Va. 748, (2005), "Had the law enforcement officer been notified that the complaint was not lodged . . . a new complaint could have been prepared and submitted to the magistrate within the on-year-period permitted for such offenses."

## **CONCLUSION**

Upon consideration of all of the above, the undersigned United States Magistrate Judge finds and concludes all of Magistrate Mullins' actions regarding the Criminal Complaints against Plaintiff were acts performed in his judicial capacity. The undersigned further finds that Magistrate Mullins did not act in the clear absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed. 2d 331 (1978). He is therefore entitled to absolute immunity for those acts. <u>Timmerman</u>

8

v. Brown, 528 F.2d 811 (4th Cir. 1975). None of Plaintiff's claims can proceed as against Defendant Mullins. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint against Defendant Mullins be **DISMISSED**.

## RECOMMENDATION

For the reasons stated herein, I respectfully **RECOMMEND** Defendant Mullins' Motion to Dismiss [Docket Entry 30] be **GRANTED** and the Complaint [Docket Entry 1] against Defendant Mullins (Civil Action No. 1:10cv129) be **DISMISSED WITH PREJUDICE.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The District Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record and by Certified United States Mail to Plaintiff, *pro se*, at his last-reported address.

DATED: March 24, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE