IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT FORTNEY,
        Plaintiff,
  v.

HERSCHEL MULLINS, Magistrate,
        Defendant.                                          Civil Action No. 1:10cv129


ROBERT FORTNEY,
        Plaintiff,
  v.

WESTOVER POLICE DEPARTMENT,
CITY OF WESTOVER, and MATTHEW D.
STARSICK,
        Defendants.                                        Civil Action No. 1:10cv130

ROBERT FORTNEY
        Plaintiff,

  v.

PATROLMAN BRADLEY WRIGHT, GRANVILLE
POLICE DEPT., and CITY OF GRANVILLE,        Civil Action No. 1:10cv131
        Defendants.

## REPORT AND RECOMMENDATION/OPINION THAT DEFENDANTS WRIGHT, GRANVILLE POLICE DEPARTMENT AND CITY OF GRANVILLE'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART

This matter is before the undersigned United States Magistrate Judge pursuant to Defendants Patrolman Bradley Wright, Granville Police Dept., and City of Granville's Rule 12(b)(6) Motion to Dismiss" [Docket Entry 26].[1] The matter has been referred to the undersigned pursuant to a referral

---

[1] These three cases, all filed by pro se Plaintiff, Robert Fortney, have been consolidated by Court Order, with 1:10cv131 as the lead case, in which all filings are to be made. A Motion to Dismiss has also been filed on behalf of defendant Mullins, in which a separate Report and Recommendation has already been entered.

order entered by United States District Judge Irene M. Keeley on December 6, 2010 [Docket Entry 5]. The undersigned finds the sole issues are legal questions and therefore decides the motions without a hearing.

## I. Procedural History

Plaintiff, *pro se*, Robert Fortney (hereinafter"Plaintiff") filed his Complaint against Bradley Wright (hereinafter "Wright"), Granville Police Department (hereinafter "Granville P.D.")and City of Granville(hereinafter "Granville") in this Court on August 24, 2010 [Docket Entry 1], along with a Motion for Leave to Proceed *in Forma Pauperis* [Docket Entry 2], which was granted [Docket Entry 10]. Summonses on each of the three defendants were executed on January 4, 2011 [Docket Entries 20, 21, and 22], and the instant Motion to Dismiss was filed on January 10, 2011 [Docket Entry 26]. On January 14, 2011, the Court entered and served a "Roseboro Notice" (See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)), advising Plaintiff of his right to file affidavits or other responsive material [Docket Entry 34]. Plaintiff did not file any Response to the Motion to Dismiss.

## II. Allegations in the Complaint

Plaintiff filed his Complaint pursuant to 42 USC 1983, alleging violations of his Constitutional Rights, and seeking compensatory damages and punitive damages. Defendant Wright is a Sergeant with the City of Granville Police Department.[2] The other defendants in this particular case are the Granville Police Department and the City of Granville. Because this Report and Recommendation pertains only to these three defendants, the undersigned United States Magistrate Judge refers only to the allegations in the Complaint naming these Defendants (Civil Action No. 1:10cv131).

---

[2]At the time of the events alleged in the Complaint, Wright's title was Patrolman.

Plaintiff's Complaint against these three defendants is as follows verbatim:[3]

I am filing this suit under 42 U.S.C. 1983 (Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purpose of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia) after attempting settlement and failing due the to defendants failure to reply. For Officer Writes false arrest, harassment and malicious prosecution. The Granville Police Department for failure to to properly train and supervise there employees and creating a policy and practice that violates Mr. Fortneys rights to due process under 42 U.S.C. 1982. The City for failure to supervise there employee and creating a policy that violate Mr. Fortneys rights under 42 U.S.C. 1983

On August 24, 2008 Patrolman Bradley Write a Granville police officer acting on behalf of Officer Starsick arrested Mr. Fortney. On the same day Magistrate Summers dismissed the charges for no probable cause. This was a false arrest and even though he was acting at Officer Starsick request Patrolman Wright had a duty to act within the confines of the law. After the charges were dismissed Officer Wright conspired with Officer Starsick to alter the original complaint in an attempt to remove Patrolman Wright as the arresting Officer. This was a falsification of a sworn statement. The complaint was the submitted to Magistrate Mullins as a new complaint in order to obtain a warrant. The warrant was granted on August 29, 2008 which was served by Officer Starsick and Patrolman Wright November 1, 2008. Patrolman Wright confirmed he took part the alteration of the complaint in the statement he made to Mr. Fortney on November 01, 2008 when Patrolman Wright said (I did this if you sue someone sue me. There's a Supreme Court case that gives us the right. And I always win) he then stood beside Officer Starsick put his arm behind his back and said (see I scratch his back he scratches mine). As I see this statement as meaning that everything that was done after Magistrate Summers dismissal was with Patrolman Wrights full knowledge and consent. Conspiring to falsify a criminal complaint against Mr. Fortney would not be something the Supreme Court would give him the right to do. Also he made an attempt to have Magistrate Summers issue a warrant for Mr. Fortneys arrest when it was clear that

---

[3] In order to construe the pro se plaintiff's Complaint liberally, the undersigned has elected to quote it verbatim errors included to avoid misinterpreting his allegations.

3

Magistrate Summers office had sent the notice to appear to the wrong address. Even knowing these facts he still insisted that Mr. Fortney be arrested. It shows that even when he has no legal cause Officer Write still wanted Mr. Fortney arrested. I see this another attempt to falsely arrest Mr. Fortney. The violation of due possess comes from Patrolman Wright conspiring with Officer Starsick to alter and falsify the complaint that they filed jointly on August 24, 2008 and then filing the falsified complaint as new on August 29, 2008. And now the falsified complaint has since been dismissed. The charges against Mr. Fortney have been dismissed twice giving me 6 dismissals for 3 charges. I now ask the court to award Mr. Fortney $1000,000.00 monetary and punitive damages that the conduct of Patrolman Wright the Granville Police Department and the City of Granville has forced Mr. Fortney to incur.

### III. Discussion
### A. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In assessing such a motion, the Court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Services, Inc. v. Radford Community Hospital, 910 F.2d 139 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief." In re Mills, 287 Fed. Appx. 273 (4th Cir. 2008). "Specific facts are not necessary, the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (internal citations omitted.)

> [T]he pleading standard Rule 9 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully - harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements.

Ashcroft v. Iqbal, - - - U.S. - - -, 129 S.Ct.1937, 173 L.Ed.2d 868 (May 18, 2009)(internal citations omitted.)

As this case involves a *pro se* plaintiff, however, this Court will only dismiss if it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 92 S.Ct.594, 30 L.Ed.2d 652 (1972). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44. Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur. Miller, Federal Practice and Procedure section 1356, at 194 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. section 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 9(a). Id. section 1357, at 304, 310.

A motion to dismiss for failure to state a claim under rule 12(b)(6) should be granted only in very limited circumstances. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324 (4th Cir. 1989). A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller supra section 1357, at 344-45.

### 1.Granville Police Department Motion to Dismiss

As a preliminary matter, the undersigned finds that the Granville Police Department is not

5

a proper party to this action. First, Plaintiff makes his claim against this party under Title 42, U.S.C. section 1982. The undersigned believes this may be a typographical error, but in an abundance of caution finds Plaintiff fails to state a viable claim under section 1982. 42 U.S.C. section 1982 provides: "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereto to inherit, purchase, lease, sell, hold, and convey real and personal property." Here, Plaintiff alleges no facts whatsoever implicating any defendant under section 1982.

Considering the more likely circumstance that Defendant meant to allege his claims against the Granville Police Department pursuant to section 1983, his claim against this defendant must nevertheless fail. A <u>municipality</u> may be subject to liability under section 1983 for deprivation of a constitutional or civil right by one of its departments, such as a police department, but the municipality <u>itself</u> must cause the deprivation through its policies or customs. <u>See</u> <u>Monell v. Dep't. of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); <u>City of Canton v. Harris</u>, 489 U.S. 378, 109 S.Ct.1197, 103 L.Ed.2d 412 (1989). The Granville Police Department is not a municipality and, therefore, is not a proper party to this action. Accordingly, the Granville Police department must be dismissed.

**2. Defendant Wright**

Defendant Wright moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. He argues that Plaintiff's allegation that two different officers filed criminal complaints that were ultimately dismissed fails as the sole basis for claims of false arrest and malicious prosecution; and that malicious prosecution as a basis for a section 1983 action may not be based upon an allegation of violation of due process rights under the Fourteenth Amendment.

Plaintiff's allegations against Wright, construed liberally, are sufficiently set forth at this stage of the proceedings to survive, in part, Wright's motion to dismiss under the liberal pleading standards of Federal Rule of Civil Procedure 8. Rule 8 provides, in relevant part, that to state a claim for relief, the pleading must give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The United States Court of Appeals for the Fourth Circuit has recently determined in an unpublished, post-<u>Twombly</u> opinion that cases, such as this one, involving a qualified immunity defense do not require any heightened pleading. <u>See</u> <u>In re Mills</u>, 287 F. App'x. 273 (4th Cir. 2008) (unpublished) (<u>citing</u> <u>Trulock v. Freeh</u>, 275 F.3d 391, 405 (4th Cir. 2001)). Thus, the notice pleading of the Federal Rule of Civil Procedure 8(a)(2), which requires only a short and plain statement of the claim giving the defendant fair notice of what the claim is and the grounds upon which it rests, is applicable in qualified immunity cases. <u>See</u> <u>id.</u>

Given the liberal pleading standards applicable at this procedural juncture, this Court concludes, as discussed below, that Plaintiff's Fourteenth Amendment clams must fail. However, he has stated a cognizable claim under section 1983 for a deprivation of his Fourth Amendment right to be free from unreasonable seizure. This Court also finds Plaintiff has stated a claim against Wright for civil conspiracy under 1983. Finally, this Court finds that it is premature to decide the issue of qualified immunity. Each of these matters is addressed in turn below.

### a. 42 U.S.C. Section 1983

To the extent that Plaintiff's claims against Wright arise under section 1983, they fail in part and survive in part. Section 1983 provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizens of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

7

proper proceeding for redress.

42 U.S.C. section 1983. The undersigned construes Plaintiff's 1983 claims to be based upon the constitutional right to be free from prosecution without probable cause. Insofar as his claims invoke due process rights accorded under the Fourteenth Amendment to the United States Constitution they must be dismissed. See Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)(determining that no Fourteenth Amendment right exists to be free from malicious prosecution). Further, common law malicious prosecution is not itself redressable under section 1983. See Lambert v Williams, 223 F.3d 257, 261 (4th Cir. 2000). However, like the right to be free from false arrest, the right to be free from prosecution without probable cause implicates Fourth Amendment protections against unreasonable seizures. Id. ("[T]here is no such thing as a '1983 malicious prosecution claim' . . . . malicious prosecution claim under section 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates some elements of the common law tort").

Here, Plaintiff has provided sufficient allegations to state a claim against Wright under section 1983 for a Fourth Amendment violation of unreasonable seizure. The Fourth Amendment to the United States Constitution provides, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV, c. 1. To state a section 1983 claim for violation of Fourth Amendment unreasonable seizure by prosecution without probable cause, a plaintiff must allege that criminal proceedings were initiated against him; that legal process forming the basis for such proceedings issued without probable cause; and that such proceedings terminated in the plaintiff's favor. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183-185 (4th Cir. 1996). Unlike the

common law tort of malicious prosecution, however, a section 1983 claim does not require a showing of malice. See Id. at 184 n.5. Rather, the reasonableness of a seizure under the Fourth Amendment in a section 1983 action is to be "analyzed from an objective perspective." Id. See also Lambert, 223 F.3d at 262 n.2.

The Court must assume that all the allegations in the complaint are true (even if doubtful in fact), (see, e.g., Bell Atlantic Crop. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 167 L.Ed.2d 929 (2007)). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations" Neitzke v. Williams, 490 U.S. 319, 109 S.Ct.1827, 104 L.Ed. 2d 338 (1989). ("[A] well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). Further, after Twombly, the Court does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

As noted above, Plaintiff has alleged that Wright falsely arrested him, then knowingly made false and misleading statements to the magistrate, and knowingly obtained a false arrest warrant the result of which was the deprivation of Plaintiff's liberty. Plaintiff has also alleged that once charges were brought, they were ultimately dismissed, thereby terminating the proceedings in his favor. These allegations are sufficient to state a section 1983 claim for prosecution without probable cause as an unreasonable seizure under the Fourth Amendment. It is significant that Defendants, and certainly the Court do not even know as yet for a certainty why the first Magistrate found no probable cause or why the cases were ultimately dismissed. Although Defendants posit that the first magistrate found no probable cause only due to a mistaken belief that Wright was outside his jurisdiction, there is no evidence before the Court to that effect at this time. Similarly, although Defendants believe that the cases against Plaintiff were ultimately dismissed only for failure to be

9

brought within the three-term rule, again there is no evidence before the Court at this time that this is the actual reason the cases were dismissed. Even more significant is the fact that these defendants could not yet apprise the Court of the exact charges filed against Defendant by Wright. The undersigned finds this lack of knowledge as to the underlying facts of the case indicate a need for at least limited discovery before any dispositive motions can be decided.

Under Twombly, Plaintiff's allegations also state a cognizable civil conspiracy claim under 42 U.S.C. section 1983. To survive a motion to dismiss a section 1983 claim, a plaintiff must allege only that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." Hafner v Brown, 983 F.2d 570, 577 (4th Cir. 1992). See also Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996)(circumstantial evidence may be sufficient to establish section 1983 conspiracy claim.) Here, Plaintiff alleges that Wright "conspired with Officer Starsick to alter the original complaint in an attempt to remove Patrolman Wright as the arresting Officer. This was a falsification of a sworn statement. The complaint was the[n] submitted to Magistrate Mullins as a new complaint in order to obtain a warrant." (Compl. at 1). When this allegation is read with other allegations and construed liberally, as required with a pro se Plaintiff, it may be read as a section 1983 civil conspiracy claim for prosecution without probable cause in violation of the Fourth Amendment right against unreasonable seizure. Finally, Plaintiff alleges that defendant Wright's actions resulted in his arrest but that the charges were ultimately dropped. Together, these allegations may be taken to assert that Wright conspired or acted jointly, or in concert, with others to provide false information to initiate criminal proceedings against Plaintiff, and that, as a result of their actions, Plaintiff was arrested and charged with criminal offenses which were later dismissed.

These allegations state a cognizable section 1983 claim against Wright for civil conspiracy to prosecute Plaintiff without probable cause in violation of the Fourth Amendment.

### b. Qualified Immunity

The undersigned declines at this state of the proceedings to decide whether Wright is entitled to qualified immunity as a defense to the allegations asserted by Plaintiff. Under the doctrine of qualified immunity, government officials are not subject to liability for civil damages for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2150, 150 L.Ed.2d 272 (2001), the Supreme Court of the United States established a rigid two-step sequence for determining a defendant's entitlement to qualified immunity. First, "a court must decide whether the facts that a plaintiff has alleged (see Fed. R. Civ. P. 12(b)(6), (c)) or shown (see Fed. R. Civ. P. 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(citing Saucier v. Katz, 533 U.S. 194 (2001). Recently, the Supreme Court held that courts no longer need to adhere to the rigid sequence of the analysis established in Saucier. See Pearson v. Callahan, 129 S.Ct. at 8156-816 (2009). The Court did not, however, modify the elements of the qualified immunity analysis. See id. Rather, Pearson held that lower courts may decide on a case-by case basis whether to follow or vary from the sequence set forth in Saucier. See id. at 818.

Based upon the record of this action as currently developed, the undersigned believes that conducting a qualified immunity analysis is premature. No discovery has as yet been conducted.

No scheduling order has yet been entered. If the parties choose to file dispositive motions in accordance with the scheduling order, once entered, the parties' memoranda and any exhibits attached therefore, as permitted by the Federal Rules of Civil Procedure, may assist this Court in determining the sequence of the qualified immunity analysis should Wright raise the issue at that stage.

In light of all the foregoing, the undersigned recommends the motion to dismiss as to Defendant Wright be granted in part and denied in part.

### 3. City of Granville

Assuming *arguendo* that Plaintiff suffered a deprivation of his federal rights, it is well settled that a municipality is only liable under section 1983 if it causes such a deprivation through an official policy or custom. Monell v. Dep't of Soc. Serv's, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipal policy may be found in written ordinances and regulations, in certain affirmative decision or individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens. See Carter v. Morris, 164 F.3d 215 (4th Cir. 1999)(internal citations omitted). Outside of such formal decisionmaking channels, a municipal custom may arise if a practice is so "persistent and widespread" and "so permanent and well settled as to constitute "custom or usage" with the force of law." Id. No municipality can be held liable under section 1983 on a *respondent superior* theory, however. Id. Instead, a "plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision" Id. "Thus, municipal liability will attach only for those policies or customs having a "specific deficiency or deficiencies . . . such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely

to happen in the long run . . . . The challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." Id. Without specific factual allegations of a direct link between an official policy and the plaintiff's alleged injuries, there is no basis for municipal liability under the federal civil-rights laws. So to state a claim against the City of Granville under section 1983, the plaintiff must allege that the Wright was acting pursuant to Granville's official policy or custom when the alleged unconstitutional conduct occurred. Granville may be held liable for constitutional violations resulting from the failure to adequately train Wright only if that failure reflects deliberate indifference to the constitutional rights of its inhabitants. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, supra, at 555. Factual allegations must be enough to raise a right to relief above the speculative level. Id.

Since the touchstone of a section 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution, the plaintiff must plead the policy in his or her section 1983 complaint against such a body. In order for a municipality to be held liable under section 1983 for constitutional violations, proximate causation between the municipality's policy or custom and the plaintiff's injury must be present; the plaintiff must plead some fact or acts tending to support his or her allegation that a municipal policy exists that could have caused his injury.

Here Plaintiff's allegations against Granville are, in *toto*: "The City for failure to supervise there [sic] employee and creating a policy that violate[s] Mr. Fortneys rights under 42 U.S.C. 1983."

13

Plaintiff has not set forth anything showing the existence of any offending custom or policy. Mere conclusory allegations are insufficient. Granville can only be held liable for regular procedures or policies that led to Plaintiff's injuries, not for the isolated independent tort (if any) of an individual employee.

The undersigned therefore recommends the Complaint as against the City of Granville be dismissed.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge respectfully recommends Defendants Bradley Wright, Granville Police Department, and City of Granville's, Motion to Dismiss [Docket Entry 26] be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned recommends the motion should be **GRANTED** as to all claims against Defendants **Granville Police Department** and **City of Granville**, and those defendants be **DISMISSED** as parties to this action. The undersigned further recommends the motion be **GRANTED** as to the Fourteenth Amendment claims against Defendant **Bradley Wright, but DENIED** as to his section 1983 claims for false arrest, malicious prosecution, and civil conspiracy (all construed under Section 1983 as prosecution without probable cause). As to those section 1983 claims against Defendant **Bradley Wright**, the motion should be **DENIED**.

Recommendations having been entered as to the appropriate disposition of all Motions to Dismiss currently filed in this case, the undersigned would further recommend the remaining causes of action proceed to scheduling.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The District Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record and by Certified United States Mail to Plaintiff, *pro se*, at his last-reported address.

DATED: April 6, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE