```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT FORTNEY,**

    **Plaintiff,**

**v.**                        **CIVIL ACTION NO. 1:10CV129**
                                      **CIVIL ACTION NO. 1:10CV130**
                                      **CIVIL ACTION NO. 1:10CV131**
                                            (Judge Keeley)

**HERSCHEL MULLINS, Magistrate,**
**WESTOVER POLICE DEPARTMENT,**
**CITY OF WESTOVER,**
**MATTHEW D STARSICK,**
**PATROLMAN BRADLEY WRIGHT,**
**GRANVILLE POLICE DEPARTMENT, and**
**CITY OF GRANVILLE,**

    **Defendants.**

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DKTS. 37, 38)[1]

### I. PROCEDURAL HISTORY

At a prior time, the Court consolidated these three cases, each filed <u>pro se</u> by the plaintiff, Robert Fortney, against various West Virginia law enforcement officers, judicial officials and government agencies, and referred the matter to the Honorable John S. Kaull, United States Magistrate Judge. On March 24, 2011, the Magistrate Judge issued a Report and Recommendation ("March 24 R&R"), in which he concluded that the motion to dismiss filed by defendant, Herschel Mullins ("Mullins"), should be granted based on

---

[1]In this Order, the Court refers to the docket entry numbers of Civil Action No. 1:10CV131, the lead case.

**FORTNEY v. MULLINS, et al.**                              1:10CV129
                                                            1:10CV130
                                                            1:10CV131

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**
_____

Mullins's judicial immunity. No party objected to the March 24 R&R, and the time to do so has passed.

On April 6, 2011, the Magistrate Judge issued a second Report and Recommendation ("April 6 R&R"), in which he recommended that the motion to dismiss filed by the defendants, Patrolman Bradley Wright ("Wright"), Granville Police Department, and City of Granville, be granted-in-part and denied-in-part.

Wright objected to the April 6 R&R's finding that Fortney's complaint stated a claim against him under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. No other party filed objections to the April 6 R&R and, for the reasons that follow, the Court adopts the recommendations in both the March 24 and the April 6 R&Rs.

## II. MARCH 24 R&R

The Magistrate Judge concluded that all of Fortney's claims against Mullins should be dismissed because, as a judicial officer, Mullins is immune from suits filed against him individually. Moreover, he concluded that any suits based on Mullins's official actions are barred by the Eleventh Amendment to the United States

**FORTNEY v. MULLINS, et al.**  1:10CV129
 1:10CV130
 1:10CV131

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**
_____

Constitution. Finding no error, the Court adopts the March 24 R&R in its entirety.

### III. APRIL 6 R&R

#### A.

Defendant Wright disagrees that Fortney has properly stated claims against him for unlawful seizure by prosecution without probable cause under 42 U.S.C. § 1983. Specifically, Wright claims that Fortney did not allege sufficient facts to prove the arrest at issue was without probable cause. The Court reviews the Magistrate Judge's legal conclusion on this point de novo.

Fortney's complaint (dkt. 1) alleges that, on August 24, 2008, Wright arrested him but a magistrate dismissed the charges later that same day for lack of probable cause. It further claims that, on August 29, 2008, Wright conspired with defendant Matthew Starsick to falsify another criminal complaint, which resulted in the issuance of a warrant by Mullins for Fortney's arrest. Specifically, he alleges that Starsick agreed to sign the second complaint even though Wright was the actual arresting officer. Wright and Starsick then allegedly executed the warrant, taking Fortney into custody. Ultimately, these charges were dismissed.

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**
_____

If true, these facts would support a cause of action under § 1983 for unreasonable seizure by prosecution without probable cause. In Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals incorporated the elements of a common-law malicious prosecution claim into the analysis of a claim that a law enforcement officer effected an unconstitutional seizure by utilizing the judicial process. See also Lambert v. Williams, 223 F.3d 257, 261-62 (4th Cir. 2000).

To establish a prima facie case of a Fourth Amendment violation in this context, a plaintiff, in addition to his seizure, must show the commencement of a criminal action against him, the lack of probable cause for the process that initiated the action, and that the action terminated in his favor. See Brooks, 223 F.3d at 183-85. Here, Fortney alleges that he was arrested (seized) as a result of the warrant issued in reliance on the second, falsified, criminal complaint, and that those charges ultimately were dismissed. Wright disputes the third crucial element, claiming that the allegations here are insufficient to infer that the warrant issued without probable cause.

When viewed in the light most favorable to Fortney, his complaint alleges that the second state criminal complaint, signed

by Starsick but apparently based on allegations made by Wright, was fraudulent; Starsick may have sworn to have personal knowledge of facts in the complaint that only Wright actually saw. If these facts are true, a warrant issued under these circumstances could be invalid for lack of probable cause.

The Magistrate Judge correctly concluded that, even after the Supreme Court's opinions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007); and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), courts must construe <u>pro</u> <u>se</u> complaints more liberally and grant a motion to dismiss only if a <u>pro</u> <u>se</u> plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Thus, if Fortney proves that, in fact, no probable cause existed for the issuance of the warrant based on the second complaint, he could sustain a claim under <u>Brooks</u> – putting aside at this time questions of qualified immunity not susceptible to a motion to dismiss under Rule 12(b)(6). His civil conspiracy and malicious prosecution claims essentially rely on the same allegations.

B.

Finally, Fortney did not object to the recommended dismissal of his other claims against Wright, or of all his claims against

5

**FORTNEY v. MULLINS, et al.**                                  1:10CV129
                                                                1:10CV130
                                                                1:10CV131

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**
_____

the City of Granville and the Granville Police Department. The Court finds no error in the Magistrate Judge's conclusions in this regard and, inasmuch as no party has objected, need not conduct a <u>de</u> <u>novo</u> review of those portions of the R&R.

## IV. CONCLUSION

In summary, the Court:

- **ADOPTS** the March 24 R&R (dkt. 37) in its entirety, and **GRANTS** Mullins's motion to dismiss (dkt. 30);

- **DISMISSES** Mullins as a defendant **WITH PREJUDICE** and **DIRECTS** the Clerk to prepare a separate judgment order in Civil Action No. 1:10CV129 dismissing the action;

- **ADOPTS** the April 6 R&R (dkt. 38) in its entirety, and **GRANTS-IN-PART** and **DENIES-IN-PART** the motion to dismiss (dkt. 26) filed by Wright, the City of Granville, and Granville Police Department;

- **DISMISSES** the City of Granville and Granville Police Department as defendants, **WITH PREJUDICE;** and

- **DISMISSES** the claims against Wright based on the Fourteenth Amendment, but **DENIES** dismissal of Fortney's allegations under

6

**FORTNEY v. MULLINS, et al.**                                         1:10CV129
                                                                      1:10CV130
                                                                      1:10CV131

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**
_____

§ 1983 and the Fourth Amendment, styled as false arrest, malicious prosecution, and civil conspiracy.

The Court will set a scheduling conference and pre-discovery deadlines in the remaining consolidated cases, Civil Action Nos. 1:10CV130 and 1:10CV131, upon the filing of a responsive pleading by Wright.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order and the separate judgment order in Civil Action No. 1:10CV129 to counsel of record, and to the pro se plaintiff via certified mail, return receipt requested.

DATED: May 18, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE